IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VALERIE L. FLORES,

                Plaintiff,

v.                                        OPINION and ORDER

ALLY FINANCIAL GROUP, UNITED STATES
WARRANTY CORPORATION, and GREGORY AUTO       23-cv-396-jdp
GROUP,

                Defendants.

---

Pro se plaintiff Valerie L. Flores, a New York citizen, alleges that defendants made misrepresentations that induced her to buy a vehicle to her financial detriment. I will dismiss this case for lack of subject matter jurisdiction.

District courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). This statute requires "complete diversity of citizenship." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978). "That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." *Id.* (emphasis in original). Under § 1332, a corporation is deemed to be a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

Flores has shown that the parties' citizenship is completely diverse: defendants Ally Financial Group, United States Warranty Corporation, and Gregory Auto Group (and proposed defendant Fairway International Mortgage Corporation) are citizens of, and have their principal places of business in, states other than New York. But Flores expressly seeks to recover damages in the ballpark of $10,000, and it's certain from the description of her damages

that she couldn't recover significantly greater than that. *See* Dkt. 1 at 3–4; Dkt. 5; *see also Sykes v. Cook Inc.*, 72 F.4th 195, 205 (7th Cir. 2023). Because Flores's allegations make clear that she cannot satisfy the amount-in-controversy requirement, she hasn't shown a basis for diversity jurisdiction.

Flores checked a box stating that she's suing for a federal-law violation too. Dkt. 1 at 4. But Flores's complaint suggests claims based on misrepresentation and, potentially, breach of contract. The complaint doesn't present a federal question. *See Hulon v. Am. Fam. Ins. Co.*, No. 22-cv-303-jdp, 2023 WL 2809172, at *2 (W.D. Wis. Apr. 6, 2023) (conclusory allegations that a complaint presents a federal claim don't provide federal-question jurisdiction).

Flores asks me to transfer venue to New York, but doing this wouldn't cure the jurisdictional problem. I will deny this motion, and I will deny Flores's motion to amend as moot.

The court of appeals has cautioned against dismissing a pro se plaintiff's case without giving her a chance to amend the complaint. *Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016). But dismissal in this case is appropriate because it's clear from Flores's allegations that she cannot meet the amount-in-controversy requirement. *See Bogie v. Rosenberg*, 705 F.3d 604, 608 (7th Cir. 2013). This case belongs in state court.

ORDER

IT IS ORDERED that:

1. This case is dismissed for lack of subject matter jurisdiction.
2. Plaintiff Valerie L. Flores's motion to transfer venue, Dkt. 7, is DENIED.
3. Plaintiff's motion to amend, Dkt. 5, is DENIED as moot.

4. The clerk of court is directed to enter judgment and send plaintiff copies of this order and the judgment.

Entered October 2, 2023.

> BY THE COURT:
>
> /s/
>
> _____
> JAMES D. PETERSON
> District Judge